NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAREDITH COROMINAS, : | |
| : | Civil Action No. 13-6067 (DMC) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| RONALD OSHRIN, et al., : | |
| : | |
| Defendants. : | |

**CLARK, Magistrate Judge**

This matter comes before the Court upon Plaintiff Maredith Corominas's ("Plaintiff") motion for a writ of attachment of the property located at 64 Karen Road, Budd Lake, New Jersey 07828, owned by Defendants Ronald and Stacey Oshrin ("Defendants") [Docket Entry No. 5]. Defendants oppose Plaintiff's motion. [Docket Entry No. 18]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.CIV.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is GRANTED IN PART.

**I.    BACKGROUND**

Plaintiff filed the instant action on October 11, 2013 alleging claims for intentional infliction of emotional distress against both Defendants, as well as two claims for invasion of privacy against Defendant Ronald Oshrin ("Oshrin"). Plaintiff's claims stem from frequent visitations to Defendants' home, as she was a friend of their daughter's from 2007 to 2012. *Compl.* at ¶5. On April 9, 2012, Plaintiff was notified by the FBI that she had been identified as a victim

of Oshrin; that he "took photographs and video of her in his home in various stages of undress and using the shower and the toilet." *Id.* at ¶6. Plaintiff alleges that, on one occasion, Oshrin served Plaintiff a beverage which he had ejaculated into and which she consumed. *Id.* at ¶8. Because of this, Plaintiff states that "the FBI advised [her] that she should undergo testing for sexually transmitted diseases." *Id.* Oshrin was charged with distribution of child pornography in violation of federal law and on December 20, 2012, he pled guilty to production of child pornography. *Id.* at ¶¶11-12. In May 2013, Oshrin was sentenced to fifteen years in prison with a ten year period of supervised release. *Id.* at ¶12. Plaintiff claims that, as a result of Oshrin's tortious conduct against her, she has "suffered severe anxiety and depression which has negatively affected her everyday life" and that she "was forced to drop out of college and recently needed to be admitted to a psychiatric hospital…for a twelve day stay in May of 2013." *Id.* at ¶10. Plaintiff further claims that Defendant Stacey Oshrin ("Mrs. Oshrin") has acted intentionally and recklessly in "fail[ing] to stop or report [Oshrin] to the authorities" and thereby inflicted emotional distress. *Id.* at ¶15. Defendants' home at 64 Karen Road in Budd Lake is currently on the market for $499,900. *Id.* at ¶13. Plaintiff seeks a writ of attachment order to secure the home for future satisfaction of a potential judgment in her favor.

## II.    LEGAL STANDARD

Fed.R.Civ.P. 64(a) governs the seizing of a person or property in an action in federal court. Under subsection (a), the law of the state where the federal court is located shall govern such remedies. Fed.R.Civ.P. 64(a). *See Marsellis-Warner Corp. v. Rabens,* 51 F. Supp. 2d 508, 536 (D.N.J. 1999) ("State law governs an application for a writ of attachment.")  In New Jersey, applicable state law provides that the Court may grant a motion for a writ of attachment upon a

finding that "(1) there is a probability that final judgment will be rendered in favor of the plaintiff; (2) there are statutory grounds for issuance of the writ; and (3) there is real or personal property of the defendant at a specific location within this State which is subject to attachment." N.J.S.A. 4:60-5(a).

### III. ARGUMENTS

Plaintiff argues that "there is a clear and substantial likelihood that final judgment will be entered in favor of plaintiff." *Plaintiff's Brief in Support* at 5; Docket Entry No. 5. Plaintiff claims that the facts upon which Oshrin's guilty plea to a federal child pornography charge was based are the same facts which are present here. *Id.* Further, Plaintiff asserts that "evidence of a final judgment against a defendant adjudging him guilty of an indictable offense is admissible against that party to prove any fact essential to sustain a judgment in a subsequent civil proceeding." *Id., citing State of New Jersey v. LaRusso,* 242 N.J. Super. 376, 379 (Law Div. 1990) (internal citation and quotations omitted). As such, Plaintiff submits that "there is a high probability[1] that plaintiff will prevail on her claims" and that the first prong of the test is satisfied. Furthermore, Plaintiff contends that the third prong is satisfied, as there is no question that the location of the property is within this State. *Id.* at 6.

As to the requirement that statutory grounds exist for issuance of the writ, Plaintiff points to N.J.S.A. 2A:26-2 which provides that an attachment may issue "[w]here the facts would entitle plaintiff to an order of arrest before judgment in a civil action." *Id.* First, Plaintiff states that Oshrin has already been arrested for, pled guilty to, and was sentenced for production of child pornography on the same set of facts which exist in this action. *Id.* at 6-7. Further, Plaintiff points

---

[1] Throughout her brief, Plaintiff uses the words "probability" and "possibility" interchangeably. The Court notes that the statute explicitly says "probability" and indeed, Plaintiff acknowledges in her Reply Brief that "probability" is the correct standard. *See Plaintiff's Brief in Reply* at 2; Docket Entry No 20.

to alternative statutory grounds which would entitle plaintiff to an order of civil arrest, or *capias ad respondendum*. Pursuant to N.J.S.A. 2A:15-41, "[a] *capias ad respondendum* shall issue in an action founded upon a tort only when the action is founded upon…an outrageous battery or a mayhem[.]" *Id.* at 7. Plaintiff relies heavily on the case of *Doe v. Uhler,* 220 N.J. Super. 522 (Law Div. 1987), where the plaintiff was granted a writ of attachment in a civil action against a defendant who had sexually assaulted him when he was a minor, and for which assault the defendant had pled guilty to criminal charges. In that case, the plaintiff asserted that the sexual assault was an outrageous battery which would entitle him to an order of arrest. Likewise, Plaintiff claims here that Oshrin's ejaculation into a beverage which he then served her and she consumed is an "outrageous battery" which constitutes statutory grounds for a civil arrest. *Id.* As such, Plaintiff argues that the second prong is also satisfied, and that her motion should be granted.

Defendants oppose Plaintiff's motion on three grounds. First, Defendants argue that Plaintiff has made no such showing of probability of success in this action with respect to Mrs. Oshrin, highlighting that Mrs. Oshrin has filed a motion to dismiss Plaintiff's complaint for failure to state a claim of intentional infliction of emotional distress. *Defendants' Brief in Opposition* at 3; Docket Entry No. 18. "Under New Jersey law, a plaintiff must allege four elements to state a claim for intentional infliction of emotional distress: (1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that the plaintiff's emotional distress was severe." *Bethea v. Roizman*, 2012 U.S. Dist. LEXIS 139164 at *68-69 (D.N.J. Sept. 27, 2012), *citing Buckley v. Trenton Saving Fund Soc*., 111 N.J. 355, 544 A.2d 857, 863 (1988). Defendants argue that Mrs. Oshrin's failure to stop or report her husband to authorities does not constitute intentional

infliction of emotional distress and furthermore, for the reasons stated in their motion to dismiss, that Plaintiff has failed to adequately plead sufficient facts constituting such a claim. *Id.* at 4.

Second, Defendants note that Oshrin's answer to Plaintiff's complaint "challenges the assertion by the Plaintiff that she at all relevant times resided in Pennsylvania[.]" *Id.* Defendants argue that Plaintiff resided in New Jersey and therefore, diversity jurisdiction in this Court is destroyed and Plaintiff cannot show a probability of success on her claims. *Id.*

Lastly, Defendants attempt to distinguish the case of *Doe v. Uhler*, arguing that it does not have facts substantially similar to this case. *Id.* at 5. There, Defendants argue, the plaintiff had been both the victim of the criminal activity as well as the plaintiff in the civil action, and here, "Defendants vehemently deny that Mr. Oshrin's guilty plea had anything to do with the Plaintiff." *Id.* Defendants contend that "Plaintiff was not involved in the misconduct for which Mr. Oshrin pleaded guilty." *Id.* at 6. Therefore, Defendants submit that Plaintiff cannot show a probability of success on her claims.

Plaintiff replies by stating that she has adequately pled a claim for intentional infliction of emotional distress against Mrs. Oshrin. Plaintiff argues that "[i]t is not a stretch to characterize Mrs. Oshrin's failure to act as reckless or intentional in light of the outrageous ongoing conduct that she ignored in her own home…[including] hidden cameras in numerous locations, videotaping and monitoring from these cameras and internet distribution of pornography over a prolonged period of time." *Plaintiff's Brief in Reply* at 9, Docket Entry No. 20. As to Defendants' lack of diversity claim, Plaintiff states that she lived in Pennsylvania at the time the complaint was filed, and argues that "[i]t is well settled that diversity jurisdiction is based upon the time the complaint is filed" and not when the conduct is alleged to have occurred. *Id.* at 8. Lastly, Plaintiff

characterizes Defendants' argument that Oshrin's conduct had nothing to do with Plaintiff as "nonsense[.]" *Id.* at 2. Plaintiff states that she was notified by the United States Department of Justice that she had been identified as a victim of Oshrin's, and that the criminal docket number that was given to her corresponds to the criminal case which he pled guilty for. *Id.* at 6. Furthermore, Plaintiff alleges that the Department of Justice not only "informed her she was [a victim, but also] kept her apprised of the status of the criminal case against Mr. Oshrin, advised her how to protect herself[, urged] her to get tested for sexually transmitted diseases…and offered to discuss with her the financial, physical and emotional impact the crime had on her." *Id.* at 7. In this regard, Plaintiff describes it as "insulting that defendants would even suggest that plaintiff was not one of Mr. Oshrin's victims[.]" *Id.* Plaintiff reiterates that she has satisfied her burden and therefore requests that her motion be granted.

## IV. DISCUSSION

### a. Probability of Success

The Court finds that Plaintiff has shown a probability that she will succeed on her claims against Ronald Oshrin. As a threshold matter, the Court finds that diversity jurisdiction is determined at the time the complaint is filed, and that Plaintiff's assertion that she lived in Pennsylvania at such a time must be accepted as true. As to the substantive probability of her success on the merits, the Court is not persuaded by Defendants' argument that Oshrin's conduct had nothing to do with Plaintiff and indeed, finds this argument to be disingenuous. Plaintiff has provided several letters from the United States Department of Justice evidencing her identification as a witness and including the criminal docket number for Oshrin's case. Ultimately, Oshrin pled guilty to child pornography, the very criminal activity for which the FBI identified Plaintiff as a

victim.  Therefore, the Court finds that Plaintiff has satisfied the first prong of the test for a writ of attachment with respect to Mr. Oshrin.

However, with respect to Mrs. Oshrin, the Court finds that Plaintiff has not shown a probability of success on her claim for intentional infliction of emotional distress.  Plaintiff's claims stem from Mrs. Oshrin's alleged ignorance to the conduct occurring in her own home and her failure to report her husband to authorities.  On the pleadings alone, and without any discovery having been conducted or any other evidence being presented to the Court, the Court finds that Mrs. Oshrin's conduct, as alleged, does not rise to the level of showing a "probability of success" at this juncture.  This is made especially compelling in light of the fact that "New Jersey has prescribed a heavy burden for one alleging intentional infliction of emotional distress." *Subbe-Hirt v. Baccigalupi*, 94 F.3d 111, 117 (3d Cir. 1996) (Cowen, J., dissenting), *quoting Obendorfer v. Gitano Group, Inc.,* 838 F. Supp. 950, 955 (D.N.J. 1993).  The Court stresses, however, that it makes no findings as to the sufficiency of Plaintiff's allegations in her pleading against Mrs. Oshrin and therefore expresses no opinion on the merits of Mrs. Oshrin's pending motion to dismiss.

    **b.**    **Statutory Grounds**

The Court likewise finds that statutory grounds exist for an arrest with respect to Mr. Oshrin and not Mrs. Oshrin.  The Court notes that Defendants have not argued that Oshrin's conduct does not constitute an outrageous battery and in the absence of any such objection, the Court accepts that his conduct would have constituted an "outrageous battery" in tort and that Plaintiff would therefore have grounds to obtain a *capias ad respondendum.*  However, Plaintiff cannot show, and indeed does not argue, that an order for a civil arrest could have been obtained

with respect to Mrs. Oshrin. Therefore, the Court finds that Plaintiff has again only satisfied her burden with respect to Mr. Oshrin.

### c. Property within this State

It has been stipulated to that the property at issue is indeed located within the State of New Jersey and is therefore subject to this Court's jurisdiction and the laws of this State. Therefore, this requirement is fulfilled.

## V. CONCLUSION

For the reasons set forth above, Plaintiff has satisfied her burden for a writ of attachment with respect to one defendant and as such, Plaintiff's motion is GRANTED IN PART and Defendant Ronald Oshrin's interest in the real property located at 64 Karen Road, Budd Lake, New Jersey 07828 is hereby attached. An appropriate Order accompanies this Opinion.


Dated: February 4, 2014

s/ James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**