NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIDETH COROMINAS, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | **OPINION & ORDER** |
| v. | Civil Action No. 13-6067 (FSH)(JBC) |
| RONALD OSHRIN and STACEY OSHRIN | |
| Defendants. | |

**FAITH S. HOCHBERG, U.S.D.J.:**

This matter comes before the Court upon the Motion of Stacey Oshrin ("Defendant") to Dismiss the Complaint of Marideth Corominas ("Plaintiff"). The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78.

**I.     BACKGROUND**

The Complaint alleges that, on numerous occasions between 2007 and 2012, Plaintiff—a minor—visited the home of Defendant Stacey Oshrin and her husband Ronald Oshrin. On April 9, 2012, Plaintiff claims that she was informed by the Federal Bureau of Investigation that Defendant's husband had installed hidden cameras in a bathroom and bedroom of their home; that he had taken photographs and videos of Plaintiff while she was undressed; and that he had distributed the images to others via the internet over the course of several years. On December 20, 2013, Ronald Oshrin pleaded guilty to production of child pornography.

1

Plaintiff alleges that Defendant Stacey Oshrin was aware or should have been aware that Ronald Oshrin engaged in these activities in their home over a five-year period, and is therefore liable for having failed to report it to the authorities. Plaintiff contends that, as a result of Defendant's inaction, she suffered severe anxiety and depression. On October 11, 2013, Plaintiff filed a three-count Complaint against Ronald Oshrin and a one-count Complaint against Defendant Stacey Oshrin. (Dkt. No. 1). Plaintiff asserts only the claim of Intentional Infliction of Emotional Distress against Defendant Stacey Oshrin, the moving Defendant.

## II.   STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

2

"show[n]"—that the pleader is entitled to relief.

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750) (internal citations omitted).

### III.   DISCUSSION

Count One of the Complaint alleges intentional infliction of emotional distress against Defendant due to her failure to report her husband Ronald Oshrin to the authorities. To state a claim for intentional infliction of emotional distress, a plaintiff must first show that the defendant acted intentionally or recklessly. Drisco v. City of Elizabeth, Civ. No. 12-2111, 2013 WL 6450221, at *9 (D.N.J. Dec. 9, 2013). Second, the plaintiff must demonstrate that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (quoting Buckley v. Trenton Saving Fund Soc'y, 544 A.2d 857, 863 (1988)). Third, the plaintiff must allege proximate causation between the defendant's conduct and the plaintiff's emotional distress. Id. Finally, the plaintiff must show that "the emotional distress suffered by the plaintiff [was] so severe that no reasonable man could be expected to endure it." Buckley, 544 A.2d at 863 (internal quotation marks and citation omitted).

Defendant moves to dismiss the Intentional Infliction of Emotional Distress count against Stacey Oshrin, arguing only that Plaintiff's allegations of recklessness and proximate causation are conclusory. Specifically, Defendant contends that the legal element of recklessness and proximate cause require pleading facts sufficient to establish that Defendant knew of her husband's conduct: videotaping Plaintiff as a minor. Defendant argues that Plaintiff's allegations on this element are conclusory because, "[Plaintiff] does not state . . . how or when she learned

3

that Ms. Oshrin had allowed Mr. Oshrin to engage in the misconduct without reporting it to authorities." (Def.'s Br. in Supp. of Mot. to Dismiss 5).

But Plaintiff need not prove recklessness at the motion to dismiss phase, rather "[s]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. Twombly, 550 U.S. at 556. Accordingly, Plaintiff need only allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of" recklessness. Id. Plaintiff pleads that, over a five-year period, she was illegally recorded by cameras that were installed in the bedroom and bathroom of Defendant Stacey Oshrin's home. (Compl. ¶ 5). She alleges that "Stacey Oshrin was aware or should have known that Defendant Ronald Oshrin had . . .taken video and photographs of Plaintiff . . . and did not report it to the authorities." (Compl. ¶ 7). Plaintiff's allegation of Defendant's recklessness is supported by factual allegations regarding Defendant's awareness—including the duration the conduct occurred, the Defendant's ownership of the premises, and the installation of cameras in the specified locations. Thus, the legal elements of recklessness and proximate causation are not, as Defendant contends, alleged in a conclusory fashion. Plaintiff need not allege the precise circumstances under which the Defendant became aware of Ronald Oshrin's conduct. Instead, the sufficiency of the evidence regarding Defendant's awareness is more properly tested at the summary judgment phase.[1]

## IV.   CONCLUSION & ORDER

**IT IS**, this 29th day of September, 2014, hereby

---

[1] In her reply brief, Defendant argues that Plaintiff also failed to allege extreme or outrageous conduct, an argument that was neither raised nor argued in Defendant's opening brief. Defendant's "attempt to raise the [new] issue without giving Plaintiffs an opportunity to respond will not be considered." Goldenberg v. Indel, Inc., 741 F. Supp. 2d 618, 636 (D.N.J. 2010).

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 19) is **DENIED.**

                         **IT IS SO ORDERED**

                         **/s/ Faith S. Hochberg_____**
                         **Hon. Faith S. Hochberg, U.S.D.J.**